THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Michael Hansing,<br><br>                Plaintiff,<br>v.<br><br>Utah Dept. of Natural Resources; et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EXTENSION OF TIME<br><br>Case No. 2:24-cv-480 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

      Defendants request an extension of time to answer or otherwise respond to Plaintiff's Complaint.[1] Defendants seek an extension of twenty-eight days. Plaintiff opposes the extension arguing Defendants fail to properly support their motion with a supporting affidavit, any delay is prejudicial to Plaintiff as this matter has already been pending for over 90 days, Defendants have failed to meet the good cause standard, and the attempts at settlement do not warrant additional time to answer. As set forth herein the court will grant the motion for extension to time.

      First, the court agrees with Defendants that an affidavit is not required for every motion. Federal Rule 6(c)(2) provides that "Any affidavit supporting a motion must be served with the motion."[2] There is nothing in the Rule requiring an affidavit must be filed with every motion.

      Next, Plaintiff fails to demonstrate prejudice here. This case was filed in July 2024, a little over two months prior to this decision. That is not nearly enough delay to warrant a finding of prejudice without some sort of exigent circumstances. Moreover, long standing judicial

---

[1] ECF No. 22.

[2] Fed. R. Civ. P. 6(c)(2).

policies favor voluntary agreements to settle legal disputes.[3] Plaintiff offers no basis to undermine those policies here.

Finally, "[s]howing good cause for an extension of time is not a particularly demanding requirement."[4] And here, where the extension of time is a minimal request, that showing is met.

Accordingly, Defendants' motion is GRANTED. Defendant shall have 28 days from the date of this order to file an Answer or otherwise respond to the Complaint.

DATED this 26 September 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[3] *See Grady v. de Ville Motor Hotel, Inc.*, 415 F.2d 449, 451 (10th Cir.1969) ("It is well settled, as a matter of sound policy, that the law should favor the settlement of controversies"); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir.1976) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation.").

[4] *Kucera v. Cent. Intel. Agency*, 429 F. Supp. 3d 970, 972, 2019 WL 4279034 (D.N.M. 2019)